**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALFRED VILLANEDA, | No. 08-56923 |
| Petitioner - Appellant, | D.C. No. 5:08-cv-00824-SVW-AN |
| v. | |
| JAMES E. TILTON, Director of the California Department of Corrections, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted April 14, 2011
Pasadena, California

Before: WARDLAW, BYBEE, and M. SMITH, Circuit Judges.

Alfred Villaneda appeals the district court's dismissal of his habeas petition

as time-barred under the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), 28 U.S.C. § 2244(d)(1). We granted a certificate of appealability

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

("COA") as to whether the district court erred in dismissing the petition as time-barred, including whether Villaneda's judgment became final based on the date of his resentencing. Because the parties agree that the district court erred in calculating the statute of limitations, we reverse and remand.

The government concedes on appeal that Villaneda's judgment did not become final until October 10, 2006, sixty days after his resentencing and the entry of the amended judgment. *See* Cal. Penal Code § 1237(a); Cal. R. Ct. 8.308; *Burton v. Stewart*, 549 U.S. 147, 156 (2007) (the AEDPA limitations period does "not begin until both [the] conviction *and* sentence 'became final'"). Because the limitations period was tolled by Villaneda's pending state habeas proceedings, 28 U.S.C. § 2244(d)(2), his June 19, 2008 federal petition was timely by one day under AEDPA's one-year statute of limitations.

Villaneda requests that we expand the COA to include five additional claims. The government earlier did not object at least as to four of those claims,[1] but now cites intervening Supreme Court authority to contest the expansion. We

---

[1] The government's objection to Villaneda's fifth claim that it was not exhausted lacks merit, as it was raised in his habeas petition before the California Supreme Court.

remand the petition without prejudice so that Villaneda's additional claims may be considered in the first instance by the district court.

**REVERSED and REMANDED.**